COMMONWEALTH *vs.* RONALD FERGUSON. December 26, 1980. The defendant appeals from convictions, following a jury-waived trial, of possession of marihuana in violation of G. L. c. 94C, § 34, and of carrying a weapon, namely, a firearm, without a license, in violation of G. L. c. 269, § 10(a). The sole issue on appeal is the propriety of the denial of the defendant's pretrial motion to suppress the gun and marihuana seized without a warrant from the defendant's person. The defendant argues that at the time of the search the two Boston police officers involved had no reason to believe that he was engaged in criminal activity or was armed and dangerous.

The Commonwealth's case justifying the warrantless search and seizure was as follows: At approximately 8:30 P.M. on June 19, 1979, Officers Clinton and Corbitt of the Boston police department, while on plainclothes duty in Boston's South End, observed the defendant across the street from their parked unmarked police vehicle. Each testified that he observed the defendant walk in and out of a store a couple of times. Approximately one-half hour later, the officers walked across the street to the front of the store and noticed the defendant walking toward them. As the defendant approached them, the officers observed that he was carrying a paper bag. While Officer Corbitt testified that he did not observe anything protruding from the bag, Officer Clinton testified that when the defendant was seven or eight feet away from him he observed what at first looked like a pipe sticking out of the bag. Clinton then "observed a hole in it [the object] and a bore." He stopped the defendant, took the paper bag from him and asked him what was in the bag. When the defendant failed to respond, Clinton opened the bag and found a firearm. The officers arrested the defendant, and in an inventory search at the police station, a small amount of marihuana was recovered from the defendant's back pocket.

In support of his decision to deny the defendant's motion to suppress the gun and marihuana, the judge found that Clinton reasonably concluded, after he saw the pipe with a bore, that the object was a gun. This finding was supported by the evidence. Clinton was entitled to apply his experience of twenty years as a Boston police officer to draw conclusions from his observations, and the judge, in turn, was entitled to consider such experience in making his factual findings. *Commonwealth* v. *Silva,* 366 Mass. 402, 407 (1974). It was proper for Clinton to assume that Ferguson was carrying the gun without a license. See *Commonwealth* v. *Ferrioli,* 10 Mass. App. Ct. 489, 492 (1980) (holding that an arresting officer, who had made a warrantless search of the defendant's person on the basis of information from a reliable source that the defendant was armed, could properly assume that the defendant did not have a license to carry a firearm); *Commonwealth* v. *Jones,* 372 Mass. 403, 406 (1977) (holding that possession of a license is an affirmative defense to a charge under G. L. c. 269, § 10[a]). Under these circumstances, we think that the police officers had probable cause to believe that Ferguson was committing or was about to

commit a crime and therefore to arrest him. They had grounds to search him incident to his arrest. *United States* v. *Robinson,* 414 U.S. 218, 224-226 (1973). *Commonwealth* v. *Ferrioli, supra* at 492. See *Commonwealth* v. *Tarver,* 369 Mass. 302, 308 (1975). The denial of the motion to suppress the marihuana was proper, as the marihuana was seized pursuant to a valid post-arrest inventory search, requiring no additional justification. *United States* v. *Robinson, supra* at 235.

Deciding as we do, we need not discuss whether the principles of *Terry* v. *Ohio,* 392 U.S. 1 (1968), have any application to these circumstances.

*Judgments affirmed.*

*John P. Courtney* for the defendant.
*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.