COMMONWEALTH *vs.* LINWOOD L. BARRETT, THIRD. January 4, 1984.
*Search and Seizure,* Probable cause. *Firearms.*

Barrett was the subject of complaints in a District Court for violation
of G. L. c. 269, § 10(*a*), G. L. c. 266, § 60, and G. L. c. 90, § 24B. The
only issue argued upon this appeal from his convictions relates to the
denial of his motion to suppress evidence taken from him as, or shortly
before, he was arrested.

The motion judge, on the basis of a statement of agreed facts, found
that Officer Caron of the Metropolitan District Police on September 26,
1982, about 2:45 in the morning was on a paid detail at a restaurant in
Lynn. He saw Barrett in the restaurant "wearing . . . tight dungarees,
. . . [a] sweat shirt, and [a] dungaree jacket." In the "left rear pocket of"
Barrett's "dungaree trousers" the officer, at a distance of five to seven feet,
"observed the outline of a trigger, barrel, and handle" of what "appeared
to be a [d]erringer [p]istol."

The officer, with a "backup" officer called to assist him, approached Barrett as he was leaving the restaurant and "asked him if he had a permit to carry a firearm." The reply was "No." They thus ascertained that, at least prima facie, the gun was being carried in violation of G. L. c. 269, § 10(a). See *Commonwealth* v. *Toole*, 389 Mass. 159, 162-164 (1983), where such an initial inquiry appears to have been viewed as reasonable. Officer Caron then reached into Barrett's pocket and seized a .22 caliber derringer. Barrett was placed under arrest.

No part of the gun protruded from Barrett's pocket. Barrett was not then known to Officer Caron and was not observed to be engaged (at least apart from the possession of the gun) in criminal activity. He was not advised of his Miranda "rights," nor was he given any "pat down frisks," before the gun was taken from him. At the police station Barrett's two driver's licenses were taken during "booking" for the "purpose of inventorying" his possessions.

The motion to suppress was correctly denied. Officer Caron's observation of the outline of a gun in Barrett's pocket gave him very strong probable cause to believe that Barrett was carrying a firearm. In such circumstances, no Miranda warning or "pat down frisk" was required before taking the gun from Barrett. In the light of the officer's direct visual observation and his prompt and permissible preliminary inquiry, his action in taking the weapon was justified. The case is governed by *Commonwealth* v. *Ferguson*, 11 Mass. App. Ct. 894 (1980), and cases there cited. See the discussion in *Commonwealth* v. *Walker, ante* 182, 183-184 (1983). There is no occasion in these circumstances for considering whether there was compliance with procedures discussed in cases such as *Terry* v. *Ohio*, 392 U.S. 1 (1968), and *Commonwealth* v. *Almeida*, 373 Mass. 266, 268-273 (1977). These officers knew in effect that Barrett was carrying a firearm and had been told by him that he had no license to do so. See *Michigan* v. *DeFillippo*, 443 U.S. 31, 35-38 (1979). There was here more direct and clear justification for Barrett's arrest than existed in *Commonwealth* v. *Hason*, 387 Mass. 169, 173-178 (1982). See, as to the burden of establishing the existence of a license, *Commonwealth* v. *Jones*, 372 Mass. 403, 405-409 (1977).

No impropriety is shown in connection with taking the driver's licenses as a result of the police station inventory. See the *Hason* case, at 177-178, and cases cited. Cf. *Commonwealth* v. *Toole*, 389 Mass. at 163 n.7. The whole situation in the present case is plainly distinguishable from that considered in the *Toole* case.

*Judgments affirmed.*

*Michael F. Natola* for the defendant.

*Dyanne Klein Polatin*, Assistant District Attorney, for the Commonwealth.