APPEALS COURT 
 
 COMMONWEALTH vs. MARKELL TREMAINE MITCHELL

 
 Docket:
 24-P-1234
 
 
 Dates:
 November 7, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Firearms. Motor Vehicle, Firearms. Practice, Criminal, Plea, Motion to suppress. Search and Seizure, Reasonable suspicion, Probable cause. Probable Cause.
 
 

       On a conditional plea preserving his right
to appeal, see Mass. R. Crim. P. 12 (b) (6), as appearing
in 482 Mass. 1501 (2019), the defendant pleaded guilty in the District Court to
charges of carrying a firearm without a license and carrying a loaded
firearm.  He now appeals from the denial
of his motion to suppress evidence of a firearm seized during a motor vehicle
stop.  He contends that the police lacked
a "reasonable suspicion" to stop him. 
Giving deference to the motion judge's findings of fact unless clearly
erroneous and independently reviewing the judge's conclusions of law,
Commonwealth v. Piard, 105 Mass. App. Ct. 428, 434-435 (2025), we affirm and
conclude that "specific and articulable facts" justified the
intrusion.  Terry v. Ohio, 392 U.S. 1, 21
(1968).
      The judge based his findings on the
testimony of four Springfield police officers and exhibits consisting of an
Instagram video and video footage from police body cameras.  Officers within the firearms investigation
unit watched a livestream Instagram video on a computer monitor and also
simultaneously recorded the livestream on a cell phone.  The cell phone recording, presented as an
exhibit at the suppression hearing, lacked details visible to officers on the
computer monitor, which provided a "full picture" unobscured by
Instagram user pop-up comments.  Officers
did not have the ability to record the "full picture" of the video
footage displayed on the computer monitor. 
After reviewing the record, we discern no factual error.
      As credited by the motion judge, evidence
showed that officers watched a livestream Instagram video of the defendant and
Luke McKinney smoking marijuana in a stairwell within a multiunit home.  Neither the defendant nor McKinney had a
license to carry a firearm.  Officers
suspected that McKinney, who had a history of firearms offenses, had a firearm
concealed within the pocket of his sweatshirt based upon the distinctive
outline of the object (imprint of handle, protruding end of extended magazine,
silhouette of trigger guard), the weight distributed by the object within the
pocket, and McKinney's hand gestures regularly checking the position of the
object.  By contrast, at that moment, the
defendant's clothing depicted in the livestream video did not betray the
presence of any concealed firearm. 
Minutes later, officers in radio contact set up surveillance at the
home, the livestream video terminated, and the defendant emerged from the
residence.  Watching the defendant walk
to an Audi sedan and enter the rear passenger seat, officers noticed that the
appearance of the defendant's clothing had changed -- he now clutched a heavy,
concealed object in his right sweatshirt pocket or waistband.  Three unmarked cruisers converged and stopped
the Audi.
      Based upon the totality of several
circumstances presented by this evidence before the motion judge (who fully
credited the testimony of the police witnesses), we conclude that the police
properly stopped the car.  First, police
recognition of distinctive firearm features observed on the computer monitor's
livestream video provided not just a reasonable suspicion, but probable cause
to believe that McKinney concealed an unholstered firearm in his clothing.  Commonwealth v. Barrett, 17 Mass. App. Ct.
970, 970 (1984) ("observation of the outline of a gun in [the suspect's]
pocket gave [the officer] very strong probable cause to believe that [the
suspect] was carrying a firearm"). 
Second, additional observations, noting the difference between the
defendant's appearance in the livestream video (without any indication of a
firearm) and his appearance emerging from the home minutes later (clutching a
heavy object in his sweatshirt pocket or waistband), provided a reasonable
suspicion that the defendant acquired possession of the firearm from McKinney
within the confined quarters of the stairwell once the livestream ended.  See Commonwealth v. Watson, 430 Mass. 725,
730 (2000) (reasonable suspicion where defendants entered hotel without luggage
and emerged with two heavy suitcases from room of suspected drug dealer).  The concept of reasonable suspicion allows
for such logical inferences and does not require the police to see the firearm
handed to the defendant.  See
Commonwealth v. Shane S., 92 Mass. App. Ct. 314, 323 (2017) (police
observations "sufficient to support an inference that the [suspect] was carrying
a firearm").  Third, the police knew
from a record check that the defendant lacked a license to carry a
firearm.  See G. L. c. 269,
§ 10 (a) (unlawful to carry firearm without license).  Thus, the sequence of circumstances observed
by police officers in constant communication during a joint and continuous
investigation, Commonwealth v. Privette, 491 Mass. 501, 503, 513 (2023),
provided the requisite "specific and articulable facts" and
"rational inferences from those facts" justifying the stop of the
defendant.  Terry, 392 U.S. at 21.
Order denying
motion to suppress affirmed.
      Daniel DeMaria for the defendant.
      Cynthia Cullen Payne, Assistant District
Attorney, for the Commonwealth.